**In re Elizabeth DiRODERICO, Debtor/Plaintiff,**

v.

**EQUIBANK, N. A.; Mellon Bank, N. A.; Signal Consumer Discount Company; and Thorpe Consumer Discount Company, Creditors/Defendants.**

Bankruptcy No. 81–1146.
Adv. No. 81–977.

United States Bankruptcy Court,
W. D. Pennsylvania.

Nov. 19, 1981.

Gary Philip Nelson, Pittsburgh, Pa., for Equibank, N. A.

Lorraine D. Taylor, McKeesport, Pa., for debtor/plaintiff.

MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This case comes before the Court on a Complaint by the Debtor to avoid liens pursuant to Section 522(f) of the Bankruptcy Code. The non-purchase money security interests in household goods of Signal Consumer Discount Company and Thorpe Consumer Discount Company have been avoid-

ed. The issue of the avoidance of Mellon Bank, N.A.'s ("Mellon") lien in the Debtor's real estate is pending and is not decided here. The issue before this Court is whether Equibank, N.A.'s ("Equibank") lien on the Debtor's real estate can be avoided pursuant to Section 522(f)(1) of the Bankruptcy Code.

Section 522(f)(1) of the Bankruptcy Code states as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien;

If in fact the lien held by Equibank is a judicial lien which impairs an exemption to which the Debtor would have been entitled, it can be avoided pursuant to Section 522(f)(1).

Equibank's lien arises from two transactions with the Debtor. The first loan was made in June of 1979. The Debtor borrowed $5,199.00 and executed a confession of judgment in favor of Equibank. The Debtor subsequently borrowed additional money from Equibank and the Debtor and Equibank consolidated the loans and entered into a confession of judgment for the consolidated amount. The document signed by the Debtor for the consolidated loan is a document titled Note, Security Agreement and Disclosure which contains a confession of judgment clause.

## DISCUSSION

The parties agreed to stipulate to the facts and submit this matter on briefs. There is no dispute that Equibank's lien impairs the exemption to which the Debtor is entitled. Equibank raises several defenses to the Debtor's Complaint on the issue of whether Equibank has a judicial lien. These will be discussed seriatim as raised by Equibank.

1. Whether the lien of Equibank may be avoided in full or in part without affecting the lien of Mellon Bank, N.A.?

The liens of both Mellon and Equibank arise from confessed judgments. Without conceding whether Equibank's lien is a judicial lien or not, Equibank first argues that this Court cannot avoid its lien if the result is merely to benefit Mellon, which is a junior lien. This would present a problem to the Court if Mellon's lien were a mortgage and the result of the Complaint under Section 522(f) were to improve the mortgage at the expense of the judicial lien. However, this difficult issue is not before the Court on the facts in this case. If Equibank has a judicial lien, then so does Mellon and both liens would be voidable, or if not, neither would be voidable. The first objection of Equibank is therefore without merit.

2. Whether the lien of Equibank is a security interest?

The Bankruptcy Code defines three types of liens. These are judicial liens, statutory liens and security interests. Section 101(37) of the Bankruptcy Code defines a security interest as a "lien created by an agreement." A security interest in real property in Pennsylvania, however, cannot be created by the use of the financing documents used here. A valid mortgage in Pennsylvania has to be recorded to be effective as to third parties. 21 Pa.Stat.Ann. § 621 (Purdon). In this case there was no attempt to record the Note, Security Agreement and Disclosure. There are three bankruptcy cases from the Eastern District of Pennsylvania that have concluded that similar financing documents did not create a security interest in real estate. *In re Burkholder*, 11 B.R. 346, (Bkrtcy., E.D.Pa.1981) found that an installment note, security agreement and disclosure statement were insufficient to create a security interest in real estate. See also *In re Porter*, 7 B.R. 356 (Bkrtcy., E.D.Pa.1980); *In re Natale*, 5 B.R. 454 (Bkrtcy., E.D.Pa.1980); and this Court's Opinion in *In re Holt*, 11 B.R. 797 (Bkrtcy., W.D.Pa.1981).

Since the clause purporting to create the security interest contained in the Note, Security Agreement and Disclosure is insufficient to create a mortgage, we find that

no security interest was created in the Debtor's real property.

3. Whether assuming arguendo that the Judgment by Confession is not a Security Interest, the lien held by Equibank is a Residential Mortgage under Pennsylvania Law?

■ Equibank argues that a provision of a law which was designed to control the rate of interest for certain real estate transactions has redefined a mortgage in Pennsylvania. Act 6 (41 Pa.C.S.A. § 101 et seq.) defines "residential mortgage" in its definitions section as:

An obligation to pay a sum of money in an original bona fide principal amount of fifty thousand dollars ($50,000.00) or less, evidenced by a security document and secured by a lien upon real property within this Commonwealth containing two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit.

and a "security document" as:

A mortgage, deed of trust, real estate sales contract or other document creating upon recordation a lien upon real estate.

This act was not intended to rewrite the mortgage law but to provide certain protections to the homeowner. This is evidenced by the fact that the term mortgage is included in the definition of security document without there being any attempt to further define mortgage. Nor does the act repeal any existing laws relating to recordation of mortgages. The Court rejects Equibank's argument as being unfounded and strained.

4. Whether the lien held by Equibank is a statutory lien?

■ A statutory lien is one that arises by operation of statute. The lien in this case arose through the vehicle of a confession of judgment. The argument that a confession of judgment is not a judgment lien has been before this Court on a prior occasion. In *In re Holt*, supra, this Court decided that a confession of judgment is not a statutory lien. The language of the definition in the Bankruptcy Code at § 101(38) is as follows:

"Statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent whether or not statutory but does not include security interest or judicial lien.

The language of the definition itself makes it clear that the lien in order to be statutory must arise by force of statute not merely be dependent on a statute to become effective. The Court in *In re Dexter Buick-GMC Truck Co.*, 2 B.R. 242 (Bkrtcy., D.R.I.1980), stated that a statutory lien specifically excludes any lien provided by or dependent upon an agreement to give security. This Court specifically endorsed this conclusion in *In re Holt*, supra. The HOLT decision has recently been affirmed upon appeal by the District Court for the Western District of Pennsylvania. See *In re Gardner*, Decision of Judge Cohill in Civil Action 81–1481, D.C.W.D.Pa.(1981).

5. Whether if the Equibank lien is found to be a judicial lien it is not avoidable under Section 522(f) of the Bankruptcy Code?

Equibank argues that even if the Court finds its lien to be a judicial lien, the lien is not a judicial lien within the meaning of the Bankruptcy Code and is therefore not avoidable. The definition of a judicial lien under the code is as follows:

"judicial lien" means lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding;

Equibank states that the lien at issue here was not obtained exclusively by "process or proceeding" but was obtained by consensual agreement as well. Equibank argues that the drafters of the code could not have intended such a "hybrid type" lien to be subject to being avoided. This Court has already dealt with this question. The Court in *In re Holt*, supra, quoted the following language as being dispositive of this very issue.

While it is true that under the code a security interest is a lien created by agreement of the parties, a judicial lien is defined as a lien obtained by other legal or equitable process or proceeding. We interpret that definition to include volun-

tary judicial process as well as involuntary judicial process. *In re Natale,* supra, 5 B.R. at 458 (B.C.E.D.Pa.1980).

In *In re Holt,* this Court was concerned with whether a lien acquired by the Department of Welfare of the Commonwealth of Pennsylvania by confession of judgment was a judicial lien. The Court stated:

> In the instant case, as in *Natale,* no lien arose solely by agreement of the parties. To acquire its lien, the D.P.W. at the very least had to file with the Prothonotary and confess judgment: this is judicial process ... *In re Holt,* supra, 11 B.R. at 801.

This Court concludes the lien of Equibank is a judicial lien for purpose of the Bankruptcy Code.

6. Whether Equibank by virtue of its purchase money loan is entitled to be declared non-avoidable under Section 522(f) of the Bankruptcy Code?

The issue that Equibank presents under this heading is merely a restatement of the preceding arguments. Here Equibank asks the Court to invoke its equity powers to declare its purchase money security interest non-voidable. As was stated before, a security interest in real estate cannot be obtained through the use of the financing documents used by Equibank in this transaction. This is not a proper case in which this Court should exercise its equitable powers.

CONCLUSION

For the above stated reasons, it is the finding of this Court that the lien held by Equibank against the real property of the Debtor is a judicial lien which impairs an exemption to which the Debtor is entitled and therefore is voidable under Section 522(f) of the Bankruptcy Code. An appropriate order will issue.